IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DAVID JENKINS, #28851                                                                         PETITIONER

VERSUS                                                   CIVIL ACTION NO.  2:11-cv-215-KS-MTP

CHRISTOPHER EPPS                                                                         RESPONDENT

<u>MEMORANDUM OPINION AND ORDER</u>

    This cause is before this Court, *sua sponte*.  Petitioner, an inmate of the Central Mississippi Correctional Facility, Pearl, Mississippi, filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2254.

    Petitioner states that he was convicted of the sale of controlled substance on July 11, 1992, in the Circuit Court of Forrest County, Mississippi.  Pet. [1] at p. 1. As a result of being convicted of said crime, Petitioner received a 30-year sentence in the custody of the Mississippi Department of Corrections.  *Id*.  The only ground for habeas relief presented in the instant petition is as follows: "Medical release under SB 2039 or H.R. 1593 Second Chance Act - 2007." *Id.* at p. 5.

    Having reviewed the record, this Court finds that an order [5] was entered on December 14, 2011, directing Petitioner to file a written response on or before December 30, 2011, to state every ground on which Petitioner claims that he is being held in violation of the Constitution, law, or treaties of the United States and to provide additional information concerning whether he meets the exhaustion requirement of 28 U.S.C. § 2254 in order to maintain the instant habeas claim.  In this order [5] entered December 14, 2011, Petitioner was warned that failure to comply with an order of this Court or failure to provide a change of address could result in the dismissal of the instant civil action.

When the Petitioner failed to comply with the order [5] entered on December 14, 2011, an order to show cause [6] was entered on January 18, 2012, directing the Petitioner to respond on or before February 3, 2012.  Once again, the order [6] reminded Petitioner that failure to comply with the order as well as failure to provide a change of address could result in the dismissal of the instant civil action.  According to the docket entries, Petitioner apparently received the order to show cause [6] since there was no returned envelope containing that order [6].  However, he has failed to comply with the orders [5 & 6].

Out of an abundance of caution, a second and final order to show cause [8] was entered on February 22, 2012.  The order [8] directed Petitioner, on or before March 7, 2012, to state the grounds that he claims has resulted in him being held in custody in violation of the Constitution or law or treaties of the United States and provide additional information concerning the exhaustion of his claims asserted in the habeas petition presently before this Court.  The order [8] was mailed to Petitioner at his last known address.  Petitioner has also failed to comply with that order [8] entered on February 22, 2012.

Petitioner has failed to comply with three Court orders, and he has not contacted this Court since November 17, 2011.  *See* Resp. [3].  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction

is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendant has not been called on to respond to Petitioners's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

Moreover, as stated above, this Court provided Petitioner with an opportunity to state the constitutional grounds upon which he bases the instant habeas petition, *see* 28 U.S.C. § 2254(a), and to demonstrate that he exhausted his available state court remedies by pursuing his post-conviction relief, *see* Mississippi Code Annotated, §§ 99-39-1 to -29 (1972), and administrative remedies. However, he has not complied with the orders, fails to present constitutional grounds on which he is claiming that he is being held in violation of the Constitution, laws, or treaties of the United States and fails to establish that he has exhausted the state court remedies available to him. As such, this Court finds that Petitioner has not stated grounds for habeas relief, *see* 28 U.S.C. § 2254(a), and even if he did state a constitutional ground, he has not established that he exhausted his available state court remedies through the Mississippi Post-Conviction Collateral Relief Act and/or MDOC Administrative Remedies Program. Therefore, Petitioner's request for habeas relief will be denied.

Based on the above, the instant petition for habeas relief will be dismissed without prejudice for failure to comply with the orders of this Court, for failure to present grounds upon which he is in custody in violation of the Constitution or laws of treaties of the United States as required by 28 U.S.C. § 2254(a) and for failure to demonstrate that he meets the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 27th day of March, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE